UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) BRANDON MOORE, a/k/a "BAMBOOZLE MOORE," a/k/a "BAM,"<br><br>(2) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>(3) JARMORI BROWN, a/k/a "LIVE," and<br><br>(4) ▮▮▮▮▮▮▮▮▮<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No.  22cr10157<br><br>Violations:<br><br>Count One: Conspiracy to Commit Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency<br>(18 U.S.C. § 371)<br><br>Count Two: Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency; Aiding and Abetting<br>(18 U.S.C. §§ 922(a)(3) and 2)<br><br>Count Three: Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency; Aiding and Abetting<br>(18 U.S.C. §§ 922(a)(3) and 2)<br><br>Count Four: Felon in Possession of Firearm<br>(18 U.S.C. § 922(g)(1))<br><br>Count Five: Felon in Possession of Firearm<br>(18 U.S.C. § 922(g)(1))<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant BRANDON MOORE, a/k/a "BAMBOOZLE MOORE," a/k/a "BAM,"

1

("MOORE") was a resident of Alabama, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

2. Defendant ▮▮▮▮▮▮ was a resident of Massachusetts, had previously been convicted in a court of a crime punishable by a term of imprisonment of more than one year, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

3. Defendant JARMORI BROWN, a/k/a "LIVE" ("BROWN") was a resident of Massachusetts, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

4. Defendant ▮▮▮▮▮▮ was a resident of Massachusetts, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

5. Beginning no later than January 2, 2020, and continuing until at least May 27, 2021, MOORE, ▮▮▮ BROWN, and ▮▮▮ and others known and unknown to the Grand Jury, conspired to obtain no fewer than twenty-four firearms from Alabama and transport them to Massachusetts for ▮▮▮ BROWN, and ▮▮▮'s use and for distribution to their associates.

6. MOORE, ▮▮▮ BROWN, and ▮▮▮ knew that none of them were licensed importers, manufacturers, dealers, or collectors of firearms, within the meaning of Chapter 44, Title 18, United States Code.

7. MOORE, ▮▮▮ BROWN, and ▮▮▮ further knew that neither ▮▮▮ BROWN, or ▮▮▮ could lawfully possess a firearm in Massachusetts because, among other

2

reasons, none of them had a Massachusetts firearms identification card.

8. ▮▮▮ and ▮▮▮ placed orders for firearms with MOORE, after which MOORE purchased or otherwise obtained the firearms in Alabama.

9. ▮▮▮ and ▮▮▮ arranged for the transport of the firearms from Alabama into Boston.

10. ▮▮▮ and BROWN physically transported the firearms from Alabama to Boston hidden in their luggage on commercial buses.

### Objects and Purposes of the Conspiracy

11. The objects of the conspiracy were to illegally transport into Massachusetts, where ▮▮▮ BROWN, and ▮▮▮ resided, firearms purchased or obtained by MOORE, BROWN, and ▮▮▮ outside of Massachusetts. The principal purposes and objectives of the conspiracy were to obtain firearms in Alabama that the defendants could not lawfully obtain or possess in Massachusetts, to obtain firearms for less money than they cost in Massachusetts, to obtain firearms for themselves, to distribute firearms to associates in Massachusetts, to make money, and to conceal actions from law enforcement.

### Manner and Means of the Conspiracy

12. Among the manner and means by which MOORE, ▮▮▮ BROWN, and ▮▮▮ and coconspirators known and unknown to the Grand Jury carried out the conspiracy were the following:

   a. It was part of the conspiracy that ▮▮▮ and ▮▮▮ would contact MOORE to place orders for firearms that they and their associates wished to obtain.

3

  b. It was further part of the conspiracy that MOORE purchased or otherwise obtained in Alabama the firearms that ▮ and ▮ had ordered.

  c. It was further part of the conspiracy that ▮ and ▮ arranged for the transport of the firearms from Alabama into Boston, Massachusetts.

  d. It was further part of the conspiracy that ▮ and BROWN traveled from Boston to Alabama to take custody of the firearms, and physically transported the firearms from Alabama to Boston hidden in their luggage on commercial buses.

  e. It was further part of the conspiracy that ▮ and ▮ paid MOORE for the firearms in cash, guns, and/or marijuana.

  f. It was further part of the conspiracy that ▮ and BROWN kept some firearms for themselves and distributed other firearms to their associates in Boston.

### Overt Acts in Furtherance of the Conspiracy

13. From on or about January 2, 2020 through on or about May 27, 2021, MOORE, BROWN, ▮ and ▮ and coconspirators known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

  a. On or around January 2, 2020, MOORE sent a message through a social media platform to ▮ stating that he was trying to get ahold of everybody "to find out what's what" because he was leaving in a few days.

  b. On or around January 3, 2020, MOORE sent a message through a social

media platform to ▮▮▮ stating, "Might hv a problem, hvnt seen dude since dat day jus wanna let u kno... U miggt hv to send dwn nbs... If u do send me 500 n I gt u... Well 5 n sum bud."

c. On or around January 4, 2020, MOORE sent a message through a social media platform to ▮▮▮ stating that a .380 caliber firearm was all that "came through."

d. On or around January 6, 2020, MOORE sent ▮▮▮ a photo of a firearm and the two men engaged in a video chat minutes later.

e. On or around January 8, 2020, MOORE traveled to Boston and provided ▮▮▮ a firearm that he had obtained in Alabama in exchange for cash and marijuana.

f. On or around February 24, 2020, after MOORE had returned to Alabama, ▮▮▮ sent a message to MOORE asking him to obtain one or two firearms for him.

g. On or around July 3, 2020, ▮▮▮ sent MOORE a message asking him to call him as soon as possible.

h. On or around July 4, 2020, ▮▮▮ purchased a commercial bus ticket for travel from Boston, Massachusetts to Montgomery, Alabama on or around July 5-6, 2020.

i. On or around July 14, 2020, MOORE caused an individual known to the Grand Jury to purchase seven firearms for him at gun stores in Alabama.

j. On or around July 15, 2020, ▮▮▮ boarded a commercial bus in

5

Montgomery, Alabama, in possession of approximately 12 to 13 firearms that MOORE had obtained for him in Alabama, and traveled with them to Boston, Massachusetts, arriving in Boston on or around July 17.

k.  On or around July 28, 2020, MOORE sent ▇ a photo of a firearm.

l.  On or around July 30, 2020, MOORE and ▇ engaged in two video chats regarding firearms.

m.  On or around July 30, 2020, MOORE caused an individual to purchase three firearms for him at a gun store in Alabama.

n.  On or around July 30, 2020, MOORE sent ▇ a message offering to sell him a firearm with a magazine in it.

o.  On or around July 31, 2020, MOORE sent ▇ a photo of a firearm sight for a Springfield XD firearm.

p.  On or around August 1, 2020, MOORE sent ▇ a photo of a new Taurus Spectrum in a gun box.

q.  On or around August 6, 2020, ▇ purchased commercial bus tickets for him and BROWN to travel from Boston, Massachusetts to Montgomery, Alabama on or around August 10, 2020.

r.  On or around August 13, 2020, in Alabama, ▇ fired some of the firearms that MOORE had obtained for him and BROWN in Alabama, including an assault rifle.

s.  On or around August 17, 2020, ▇ and BROWN boarded a commercial bus in Montgomery, Alabama, in possession of approximately

6

   12 to 15 firearms that MOORE had obtained for them in Alabama, and traveled with them to Boston, Massachusetts, arriving in Boston on or around August 19.

t.  On or around January 25, 2021, ▇▇▇▇ sent MOORE a message asking, "Can I place a pre-order for like 3-4 ? I'll send $$ for Em."

u.  On or around April 24, 2021, ▇▇▇▇ sent MOORE messages saying, "call my number . . . ▇▇▇▇."

COUNT ONE
Conspiracy to Commit Illegal Transportation or Receipt in State of Residency of Firearm
Purchased or Acquired Outside of State of Residency
(18 U.S.C. § 371)

The Grand Jury charges:

14. The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

15. From on or about January 2, 2020, through on or about May 27, 2021, in Boston, in the District of Massachusetts, and elsewhere, the defendants,

(1) BRANDON MOORE, a/k/a "BAMBOOZLE MOORE," a/k/a "BAM,"

(3) JARMORI BROWN, a/k/a "LIVE," and

conspired with each other and with others known and unknown to the Grand Jury to commit an offense against the United States, to wit, Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency, that is, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully did transport into or receive in the State of Massachusetts, where BROWN, ▮ and ▮ then resided, multiple firearms, said firearms having been purchased or obtained by the defendants outside the State of Massachusetts, in violation of Title 18, United States Code, Sections 922(a)(3) and 924(a)(1)(D).

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency; Aiding and Abetting
### (18 U.S.C. §§ 922(a)(3) and 2)

The Grand Jury further charges:

16. The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

17. On or around July 15, 2020 through July 17, 2020, in Boston, in the District of Massachusetts, and elsewhere, the defendant,



not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully did transport into or receive in the State of Massachusetts, where ███ BROWN, and ███ then resided, multiple firearms, said firearms having been purchased or obtained by the defendant outside the State of Massachusetts.

All in violation of Title 18, United States Code, Sections 922(a)(3) and 924(a)(1)(D).

9

## COUNT THREE
Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired
Outside of State of Residency; Aiding and Abetting
(18 U.S.C. §§ 922(a)(3) and 2)

The Grand Jury further charges:

18. The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

19. On various dates between on or about August 17, 2020 through August 19, 2020, in the District of Massachusetts, and elsewhere, the defendants,

▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ and
(3) JARMORI BROWN, a/k/a "LIVE,"

not being licensed importers, manufacturers, dealers, and collectors of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully did transport into or receive in the State of Massachusetts, where ▅▅▅ BROWN, and ▅▅▅ then resided, multiple firearms, said firearms having been purchased or obtained by the defendants outside the State of Massachusetts.

All in violation of Title 18, United States Code, Sections 922(a)(3) and 924(a)(1)(D).

10

## COUNT FOUR
## Felon in Possession of Firearm
## (18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

20. The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

21. On or around July 17, 2020, in Boston, in the District of Massachusetts, and elsewhere, the defendant,

███████████████████████████

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is:

a. Cobra Enterprises, Inc., model CCB 38, .380 caliber pistol, bearing serial number BTO15800;

b. HS Produkt, model Hellcat, 9mm pistol, bearing serial number BY211400;

c. Bersa, model 83, .380 caliber pistol, bearing serial number 287735;

d. Smith & Wesson, model M&P 40, .40 caliber pistol, bearing serial number HZS8814;

e. Smith & Wesson, model M&P 40, .40 caliber pistol, bearing serial number JCK9567;

f. Taurus, model 856 Ultralite, .38 caliber revolver, bearing serial number ABE543505; and

g. Taurus, model 856 Ultralite, .38 caliber revolver, bearing serial number ABE547735.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FIVE
### Felon in Possession of Firearm
### (18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

22. The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

23. On or around August 19, 2020, in Boston, in the District of Massachusetts, and elsewhere, the defendant,

███████████████████████████████

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is:

a. Taurus International, model Spectrum, .380 caliber pistol, bearing serial number 1F062808;

b. HS Produkt, model XD Mod. 2, .40 caliber pistol, bearing serial number GM137971; and

c. Sig Sauer, model SP2022, .40 caliber pistol, bearing serial number 24B220885.

All in violation of Title 18, United States Code, Section 922(g)(1).

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

24. Upon conviction of the offenses in violation of Title 18, United States Code, Section 922, set forth in Counts Two through Five, defendants ▮▮▮▮▮▮▮▮▮▮ and (3) JARMORI BROWN, a/k/a "LIVE," shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses.

25. If any of the property described in Paragraph 24, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 24 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON

_____
ELIANNA J. NUZUM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JULY 14, 2022
Returned into the District Court by the Grand Jurors and filed.

_____ 1:14 pm
DEPUTY CLERK

14